UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WENDY WOOD,       )<br>      Plaintiff,       )<br>            )<br>-v-       )<br>            )<br>COMMISSIONER OF SOCIAL SECURITY,       )<br>      Defendant.       )<br>_____ ) | No. 1:12-cv-351<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING DECISION DENYING BENEFITS

Wendy Wood filed a complaint seeking a review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits and Supplemental Security Income Benefits. The magistrate judge issued a report recommending the Commissioner's decision be affirmed. (ECF No. 19.) Wood timely filed objections. (ECF No. 20.)

After being served with a Report and Recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Wood identifies several broad topics contained within the decision of the Administrative Law Judge (ALJ). Wood then either identifies specific objections to the R&R or identifies problems with the ALJ's decision. For the latter, Wood states, at the outset of her objection, that the magistrate

judge erred by not correcting the problems with the ALJ's decision.

### A. Claimant's Subjective Allegations

Wood contends the magistrate judge erred by imposing a corroboration requirement that is impossible to meet: a medical test that corroborates the severity of a symptom. (Obj. 4-5 PgID 758-59)

Wood's objection is overruled. The magistrate judge succinctly explained the standard that this Court is bound to followed, the *Duncan* standard. The passage in the R&R to which Wood objects is an accurate quotation from an opinion issued by the Sixth Circuit Court of Appeals. Although *Workman v. CSS*, 105 F.App'x 794 (6th Cir. 2004) is unpublished, it sets forth the correct standard for evaluating subjective allegations, notwithstanding Wood's concerns about a single sentence in the opinion. This Court has rejected a similar objection raised in a previous case. *See Bailey v. CSS*, 623 F.Supp.2d 889, 896-97 (W.D. Mich. 2009).

### B. Reasons for Rejecting Claimant's Credibility

The ALJ found that the severity of Wood's alleged symptoms were not supported by the medical record and also expressed concerns about Wood's credibility. (ECF No. 9-2 ALJ Decision 16-17 PgID 44-45.) The magistrate judge concluded that the ALJ's decision to limit the weight of Wood's subjective allegations was supported by substantial evidence. (R&R 14-16 PgID 752-54.)

In this section of the objection (Obj. 7-10 PgID 761-64), Wood identifies five reasons the ALJ erred in his assessment of her credibility: (1) a summary of the medical evidence does not explain why the claimant is not credible, (2) some of the ALJ's reasoning was vague, (3) the reason Wood did not participate in psychological treatment does not undermine her credibility, (4) the reasons Wood did not comply with the recommended treatment for lymphedema were speculative,

and (5) the record does not support the ALJ's conclusion that Wood did not comply with the recommendations for chronic pain treatment. Wood articulated these same reasons in her initial brief. (ECF No. 15 Pl. Br. 6-11 PgID 619-24.)

Although Wood has not directed this objection to any specific part of the R&R, the Court interprets these objections as addressing the magistrate judge's conclusion that "the ALJ discussed at length his decision to discount Plaintiff's subjective allegations." (R&R 16 PgID 754.)

Wood's objection is overruled. For the purpose of this objection, the Court has reviewed the relevant portion of the ALJ's decision de novo. The Court agrees with the magistrate judge; the ALJ provided a detailed and thorough discussion of the medical evidence in the record and also provided a sufficiently coherent explanation for limiting the weight of Wood's subjective allegations. The ALJ summarized those subjective allegations. (ALJ Dec. 5 PgID 42.) The ALJ found that Wood's abilities were limited; she had a residual functional capacity to perform sedentary work with restrictions. (*Id.*; R&R 10 PgID 748.) The ALJ, however, concluded that her complaints about the intensity, persistence, and limiting effects of her symptoms were not supported by the record. (ALJ Dec. 8 PgID 45.) Admittedly, the ALJ did not identify each allegation, summarize the evidence relevant to that allegation, and then explicitly deduce why the evidence was inconsistent with Wood's allegation. But the law does not require an ALJ to write in that manner. The ALJ does address each of the Wood's allegations in the section of the decision addressing Wood's residual functional capacity. (ALJ Dec. 5-9 PgID 42-46.)

**C. Dr. Gaca**

Dr. Gaca completed a residual function capacity assessment of Wood's abilities in February 2010. The ALJ found that Dr. Gaca's opinion was inconsistent with his own treatment notes, Dr.

Sage's recommendations, the Functional Capacity Evaluation (FCE) report, and with Dr. Jackson's opinion. (ALJ Dec. 9 PgID 46.) Wood objects. (Obj. 10-16 PgID 764-70.) Wood argues (1) the ALJ did not identify Dr. Gaca's treatment notes, (2) Dr. Sage's recommendation is vague, (3) the alleged inconsistencies are not actually inconsistent, (4) Dr. Gaca's opinion is entitled to more weight than Dr. Jackson's opinion, and (5) the ALJ misstates the law and fails to support his conclusions.

Again, Wood has not directed this objection to any specific part of the R&R. The Court interprets these objections as addressing the magistrate judge's discussion of whether the ALJ properly assessed the medical evidence in the record. (R&R 11-14 PgID 749-52.)

Wood's objection is overruled. The Court has reviewed this portion of the ALJ's decision de novo. The magistrate judge discussed the legal standard for reviewing the ALJ's decision, the decision itself, and the relevant portions of Wood's medical record. The Court finds the R&R coherently assesses the ALJ's conclusions in light of the record.

**D.  Reasons Not Given by the ALJ**

Here, Wood addresses issues raised by Defendant. (Obj. 17-18 PgID 771-72.) With one exception, Wood has not identified where this issues are addressed in the R&R. To the extent the issues are not addressed in the R&R, they need not be addressed here.

Wood objects to the magistrate judge's conclusion that Dr. Gaca's opinion was inconsistent with the opinion of Dr. Gracias. (Obj. 17 PgID 771.) Wood reasons that the ALJ did not cite Dr. Garcias as a reason to reject Dr. Gaca's opinion.

Wood's objection is overruled. The ALJ did summarize Dr. Garcias' report and conclusions. (ALJ Dec. 7 PgID 44.) The ALJ identified Dr. Garcias' opinion as one portion of the record that supported the ALJ's RFC assessment. (*Id.* 9 PgID 46.)

4

**CONCLUSION**

The ALJ provided a thorough discussion of the record. His decision is supported by substantial evidence. Generally, Wood's objections indicate how the record might be construed in a manner to support a finding of disability. However, so long as substantial evidence supports the ALJ's conclusion, this Court may not disturb the decision. The Court finds the Report and Recommendation to be an accurate assessment of the issues and the recommendations well supported.

Accordingly, the Report and Recommendation is **ADOPTED** as the opinion of this Court. The decision of the Commissioner of Social Security is **AFFIRMED. IT IS SO ORDERED.**

Date:   January 12, 2015                                   /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           Chief United States District Judge